Sawyer et al. *v.* Worthington.

---

CYRELL A. SAWYER AND DARIUS HEALEY *v.* GEORGE WORTHINGTON, JR.

## *Joinder of plaintiffs.*

The plaintiffs agreed to take jobs of work, and work together, each to be allowed for the time he worked on any particular job, and to hire, as near as possible, equal amounts of help, the profit of which was to be divided between them. The work in question was contracted for, by one of the plaintiffs, with reference to this agreement; and he informed the defendant that he was in partnership, or connected in business with the other plaintiff. The work charged for was done by the plaintiffs and their help, in pursuance of said agreement. *Held* that it was properly charged, and that a recovery thereof could be had in the name of the the plaintiffs jointly.

BOOK ACCOUNT. The plaintiffs' account was for work of themselves and others upon, and for materials furnished for a starch factory built by the defendant in the summer of 1853. The auditor reported that the charges were correct and reasonable, as to amount, and that the plaintiffs were entitled to recover therefor, subject to the opinion of the court, as to the right of the plaintiffs to recover in their joint names, upon the facts following.

The plaintiffs, who were both mill-wrights, agreed verbally, in the summer of 1853, to take jobs of work and work together on these terms; each was to be paid for the labor he might perform, and each was to hire, as near as possible, an equal amount of help, and divide the profit on the help hired; there was no agreement, and nothing was said between them of the division of losses, if any should occur, in any job they might take. After they had made this agreement, the defendant and a Mr. Little, since deceased, applied to the plaintiff Sawyer to construct the necessary gearing and machinery for a starch factory they were then building. Sawyer informed them that he was in partnership, or connected in business with the plaintiff Healey, and agreed with the defendant and Little to do their work for them. The work charged for was performed by the plaintiffs and their hired help, under their agreement, in reference to which Sawyer contracted with the defendant, as above stated. It did not appear that the plaintiffs ever took any other jobs than this under their said agreement; and it did appear that they did afterwards each take and perform separate jobs, in which the other had no interest.

The county court, June Term, 1855,—UNDERWOOD, J., presiding,—rendered judgment, on the report, for the plaintiffs.

Exceptions by the defendant.

*J. H. Prentiss* for the defendant.

There was no partnership between the plaintiffs. To constitute a partnership, as between the parties themselves, there must be a mutual agreement to share in the profit and loss of the business in which they are engaged. *Bowman et al.* v. *Bailey,* 10 Vt. 170. *Kellogg* v. *Griswold,* 12 Vt. 291. *Tobias* v. *Blin,* 21 Vt. 544. *Griffith et al.* v. *Buffum et al.* 22 Vt. 181.

Persons holding themselves out as partners, though in fact they

are not, may be charged as such by one who deals with them as such ; but the declaration of one of two persons that they are jointly interested, is not evidence to charge the other.   *Cottrill* v. *Van Duzen*, 22 Vt. 511.

Had there been negligence or any other cause of action accruing to the defendant, growing out of this transaction, what fact is found in this case that would tend to fix any accountability on Healey to the present defendant ?

*J. L. Edwards* for the plaintiffs.

Two or more persons may be holden as partners with respect to third persons, and joint participation in the profits will make them so, and not be partners as between themselves.   *Kellogg* v. *Griswold*, 12 Vt. 291.   *Stearns* v. *Haven et al.* 14 Vt. 540.   And persons are to be treated as partners as respects third persons, if they so conduct and hold themselves out as such, whether their contract, as between themselves, would in fact make them so or not.   See authorities above cited.

Although the plaintiffs were not partners, yet they were jointly and equally interested in the contract with the defendant, and are therefore competent to sustain a joint action.   They were both to be benefited by the contract, and both acted as ostensible parties to it.  *Bowman et als.* v. *Bailey*, 10 Vt. 170.   *Matthews* v. *Felch et als.*, 25 Vt. 536.   2 Greenleaf on Ev. 476.   *Dix* v. *Otis*, 5 Pick. 38.

The opinion of the court was delivered by

ISHAM, J.   We can entertain no doubt that this suit was properly brought in the name of these plaintiffs.   The auditor has found that a contract was made between them, in 1853, to take jobs of work together, and to divide the profits between them, and that this contract was made with particular reference to the work to be done for the defendant.   Of this contract the defendants were informed when the plaintiffs agreed to do their work for them.   This gave the plaintiffs a joint interest in the contract which will enable them to sustain this action, not only for their services, but for such materials as were furnished and used in fulfilling their contract.   Though nothing was said in relation to the

loss, if any should be sustained, yet the law will determine the matter by apportioning the same between them, in the same proportion that they were to share in the profits. The auditor having found that the account is just and reasonable, the plaintiffs are entitled to their judgment.

The judgment of the county court is affirmed.